J-S33044-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TERRANCE ROBERT MOODY, | : | |
| | : | |
| Appellant | : | No. 1640 MDA 2016 |

Appeal from the PCRA Order August 22, 2016
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003426-2000
CP-22-CR-0003913-2000

BEFORE:   BENDER, P.J.E., OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED JULY 28, 2017**

Terrance Robert Moody (Appellant) appeals from the August 22, 2016 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In 2001, Appellant pled guilty to sex crimes involving his step-daughter and another child, was determined to be a sexually violent predator, and was sentenced to an aggregate term of 12 to 44 years of imprisonment.  This Court denied Appellant relief on direct appeal, and his judgment of sentence became final in 2005 after our Supreme Court denied his petition for allowance of appeal.  ***Commonwealth v. Moody***, 843 A.2d 402 (Pa. Super. 2004), *appeal denied*, 882 A.2d 477 (Pa. 2005).

---

*Retired Senior Judge assigned to the Superior Court.

On March 10, 2016, Appellant filed a motion to vacate his judgment of sentence, claiming therein that his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (holding that a fact which triggers the imposition of a mandatory minimum sentence is an element of the crime and must, therefore, be determined beyond a reasonable doubt by a jury).

The PCRA court determined that Appellant's motion should be addressed under the PCRA and appointed counsel. On July 15, 2016, counsel filed a motion to withdraw and a letter brief pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court determined that Appellant's petition was untimely filed, granted counsel's petition to withdraw, and issued notice of its intent to dismiss the petition without a hearing. Order, 7/21/2016. The PCRA court dismissed the petition by order of August 22, 2016.

Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. On appeal, Appellant claims that the ***Alleyne*** decision applies retroactively to invalidate his sentence, and that he "challenged this invalid sentence in a timely manner." Appellant's Brief at 10-12, 17.

The timeliness of a post-conviction petition is jurisdictional. ***See***, ***e.g.***, ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)) ("[I]f

- 2 -

a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.").

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met, and that the claim was raised within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b) and (c).

It is clear that Appellant's petition is facially untimely: his judgment of sentence became final in 2005. Without addressing the statute specifically, Appellant's argument suggests that he believes his petition satisfies the following timeliness exception: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

However, our Supreme Court has held that **Alleyne** does not apply retroactively to cases on collateral review. **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016). Even if it did apply retroactively, Appellant's 2016 petition was not filed within 60 days of the 2013 **Alleyne** decision. **See Commonwealth v. Secreti**, 134 A.3d 77, 82-83 (Pa. Super.

2016) (noting petitions filed within 60 days of Supreme Court decision recognizing retroactive application of new constitutional right satisfied requirement of 42 Pa.C.S. § 9545(b)(2)). Because Appellant failed to establish the applicability of a timeliness exception, the PCRA court properly dismissed the petition for lack of jurisdiction.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2017